UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re | ) | Bankruptcy Case No. 24-11791 |
| | ) | Chapter 7 |
| AMADA CALIZ | ) | |
|       Debtor | ) | |
| | ) | |
| AMADA CALIZ, | ) | Adversary No. |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION | ) | |
| *and* | ) | |
| FEDERAL FAMILY EDUCATION LOAN PROGRAM | ) | |
| *and* | ) | |
| NAVIENT | ) | |
| *and* | ) | |
| MOHELA | ) | |
| *and* | ) | |
| NELNET | ) | |
|       Defendants | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOANS**

COMES NOW Plaintiff Amada Caliz (hereinafter the "Plaintiff") for complaint against the United States Department of Education and Navient (hereinafter the "Defendants") alleges as follows:

<u>JURISDICTION</u>

1) The United States District Court for the District of Massachusetts has jurisdiction of this action pursuant to 28 U.S.C. §1334 because Plaintiff's dischargeability complaint arises

1

under Title 11.

2) The United States Bankruptcy Court for the District of Massachusetts has jurisdiction of this action pursuant to 28 U.S.C. §157 because Plaintiff's complaint arose in her bankruptcy case, number 24-11791, filed under Chapter 7 in this United States Bankruptcy Court for the District of Massachusetts.

3) Venue is proper in this district because Plaintiff resides here and filed bankruptcy here.

## NATURE OF CLAIM

4) Plaintiff's dischargeability complaint is a core proceeding under 28 U.S.C. §157(b)(2)

5) This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §523(a)(2) and any other relevant sections of the bankruptcy code.

## THE PARTIES

6) Plaintiff is an individual living in Boston, Massachusetts. Plaintiff's educational debts to Defendants are collectively referred to as her "student loans" in this complaint.

7) Defendant United States Department of Education has a claim against Plaintiff for a student loan in the amount of $34,662.00.

8) Defendant Navient has a claim against Plaintiff for student loans in the amount of $190,704.00 over four loans.

9) Defendants have not filed any claims in Plaintiff's bankruptcy case.

10) This complaint's allegations are based on personal knowledge as to Plaintiff's own conduct, and are made on information and belief as to the acts of others.

## FACTS

11) Plaintiff has over $200,000.00 over several student loans. The outstanding balance of the student loans Plaintiff is seeking to discharge in this adversary proceeding is

$225,366.00. Plaintiff incurred the student loans while attending George Washington University, where Plaintiff pursued a applied science and technology degree.

12) Plaintiff is currently employed as a technical research assistant at Brigham and Women's Hospital. Plaintiff grosses slightly over fifty thousand annually, which is above average for the field.

13) On August 30, 2024, Plaintiff filed for bankruptcy protection under Chapter 7. Prior to the commencement of Plaintiff's bankruptcy case, Plaintiff owed Defendants student loans.

14) Plaintiff cannot maintain a minimal standard of living if required to repay her student loans to Defendants. Plaintiff has no disposal income left over each month to repay her student loans. Plaintiff has over $200,000.00 in student loans and will never be able to fully amortize her student loans with Defendants. Plaintiff's loans on average have an interest rate of approximately twelve and a half percent; therefore, even if Plaintiff applied ten percent of her annual income to her student loan debt, her payments would not even cover the interest.

15) Plaintiff has made all reasonable attempts to maximize her income prior to filing bankruptcy. Plaintiff's job at Brigham and Women's Hospital is the highest paying job she can find. In fact, Plaintiff grosses an annual income which is slightly higher than the average income in the field. Plaintiff works full time. Plaintiff lives with her parents, and thus pays a lower cost of living. Further, she cannot take on roommates for additional income.

16) It would be unconscionable for this Court to require Plaintiff to reduce her expenses further than she has already. Plaintiff's expense budget does not include frivolous

3

expenses. Plaintiff does not spend money on gambling, alcohol, or drugs.

17) Plaintiff's state of affairs is likely to persist in the future. Plaintiff has maximized her income potential and there are no more favorable jobs available to her. Plaintiff is not expecting any inheritance or gifts in the future that might allow her to repay her student loans. Plaintiff has no assets she could sell to repay her student loans.

18) Plaintiff has made good faith effort to repay her student loans to Defendants. Plaintiff has attempted to negotiate repayment plans on her student loans and has made payments on her student loans as she has been able to. Plaintiff has not repaid other debts instead of her student loans.

## COUNT ONE
## DETERMINATION OF DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(8)

19) Plaintiff incorporates the above allegations by reference.

20) 11 U.S.C. §523(a)(8) provides as follows:

523(a) states a discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for

(A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a government unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship or stipend.

21) Based on the allegations above, this Court should determine that excepting Plaintiff's

debts to Defendants from discharge would impose an undue hardship on Plaintiff.

WHEREFORE Plaintiff respectfully requests:

1) An order determining Plaintiff's debts to Defendants as alleged above are discharged pursuant to 11 U.S.C. §523(A)(8) because excepting Plaintiff's debts to Defendants from discharge would impose an undue hardship on Plaintiff under the totality of the circumstances; and

2) For other equitable relief this Court may determine is fair and just.

    Respectfully Submitted,
    The Debtor,
    Through Her Attorney,

    /s/ Louis S. Haskell
    Louis S. Haskell
    Law Office of Louis S. Haskell
    16 Pine Street #2
    Lowell, MA 01851
    Phone: 978-459-8359
    Fax: 978-453-1753
    Email: lshlaw@live.com

CERTIFICATE OF SERVICE

I, Louis S. Haskell, hereby certify that a true and accurate copy of the Debtor's Adversary Complaint was mailed via first class mail postage prepaid to the following parties:

Richard King
Assistant United States Trustee
Office of the United States Trustee
5 Post Office Square, Suite 1000
Boston, MA 02109

Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001

Joshua S. Levy
John Joseph Moakley U.S. Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

Kristen Kearney
1 Courthouse Way
Suite 9200
Boston, MA 02210

United States Department of Education
400 Maryland Avenue, SW
Washington D.C. 20202

NELNET
121 S 13th Street
Lincoln, NE 68508

NAVIENT
123 South Justison Street
Suite 300
Wilmington, DE 19801

MOHELA
633 Spirit Drive
Chesterfield, MO 63005-1243